*P. H. Leslie, for appellant. J. P. Garnett, for appellee.*

---

## JAMES CATE *v.* JAMES A. ROUSE.

**Bankruptcy—Appeals by Bankrupts.**

After one has been declared a bankrupt, he cannot prosecute an appeal from a judgment against him in the circuit court. The assignee in bankruptcy in such a case is the real party in interest.

**Discharge in Bankruptcy.**

A discharge in bankruptcy relieves a debtor against all claims that might have been proved against his estate in the bankrupt proceeding, but to be available the discharge must be pleaded.

### APPEAL FROM DAVIESS CIRCUIT COURT.

#### October 19, 1876.

OPINION BY JUDGE LINDSAY:

After Cate had filed his petition in the bankrupt court, and at a time when he had no personal interest in the matter, he prosecuted to this court an appeal from the judgment against him in the Daviess circuit court in favor of Rouse. He did not make his assignee, who, as the representative of his creditors, was the real party in interest, a party appellant, nor suggest to this court that the appeal was prosecuted in behalf of his assignee. He appeared in this court as a party litigating for himself. He succeeded in reversing a judgment, against which the proceeding in bankruptcy would have protected him.

The judgment of this court was his judgment. The mandate issued and sent to the court below was his mandate. The judgment he is now seeking to enjoin was and is the direct and necessary result of his voluntary action in this court. Said judgment was reversed subsequent to the date of his application for a discharge in bankruptcy, and is not affected by such discharge.

It is true that a discharge in bankruptcy in general relieves a debtor against all claims that might have been proved against his estate in the bankrupt proceedings. But it is also true that to make a discharge available it must be pleaded, and if, as in this case, the bank-

rupt chooses to pursue a line of conduct that deprives him of the right and power to plead his discharge, he must submit to the consequences.

The judgment against appellant remains unreversed. The ground upon which he seeks to enjoin its enforcement has neither arisen, nor been discovered since it was rendered. There is no reason for the interference of the chancellor.

Judgment *affirmed.*

*W. H. Sweeney, for appellant.*
*C. S. Walker, G. W. Ray, for appellee.*